# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KEVIN ASHMORE, | ) |
| Plaintiff, | ) |
| | ) NO. 1:17-cv-00100 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Kevin Ashmore brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits under Title II of the Social Security Act.

On June 12, 2018, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 23), recommending that the Court reverse the final decision of the Commissioner and remand the case to the Commissioner for further proceedings and recommending that Plaintiff's Motion for Judgment on the Administrative Record be granted. The Commissioner filed timely objections (Doc. No. 27), to which Plaintiff has responded (Doc. No. 28). For the reasons discussed herein, the Objections are OVERRULED, the R&R is ADOPTED, Plaintiff's Motion for Judgement Based on the Administrative Record is GRANTED, and the decision of the Commissioner is REMANDED.

## PROCEDURAL HISTORY

Plaintiff Kevin Ashmore filed an application for disability insurance benefits on June 6, 2014, alleging that he has been disabled since January 15, 2010, due to cerebral palsy and a congenital heart defect. (Doc. No. 18, Attachment ("TR"), pp. 56, 162.) Plaintiff's application

1

was denied initially (TR 81-83) and upon reconsideration (TR 85-86). Plaintiff subsequently requested and received a hearing. (TR 87-88; TR 27-55.) Following a hearing on July 12, 2016, Administrative Law Judge ("ALJ") John Daughtry issued an unfavorable decision on September 9, 2016.

The ALJ accepted as a factual matter that Ashmore suffered from mild cerebral palsy, a congenital heart defect, and had a history of interstitial lung disease. (TR 15-22.) He found that Ashmore did not have an impairment that met or equaled the severity of a listed physical impairment. (*Id*.) He found that Plaintiff's daily activities were "not limited to the extent one would expect given the complaints of disabling symptoms and limitations."

The ALJ determined that Ashmore had the residual functional capacity ("RFC") to perform a range of light work and, more specifically, that he had the ability to: "lift[] and carry[] up to twenty pounds occasionally and ten pounds frequently primarily using the left upper extremity to lift can carry and the right to assist and balance objects;" sit, stand, and walk for up to six hours each day; to frequently push and pull with the right upper and lower extremities; occasionally kneel and crouch; occasionally reach overhead with the right upper extremity; and occasionally be exposed to cold temperatures and pulmonary irritants such as dust, fumes, odors, gases, and poor ventilation. (*Id*. at 16.)

The ALJ found that Ashmore had past relevant work as a construction runner/deliverer and that he was still capable of performing that work. (*Id*. at 20-21.) The ALJ ultimately concluded that Plaintiff was not under a disability as defined in the Social Security Act. (*Id*. at 22.)

The Appeals Council denied review on September 18, 2017 (TR 1-4), making the ALJ's decision the final Agency decision. The Plaintiff filed a Complaint initiating this action on November 16, 2017. (Doc. No. 1.) The Commissioner filed an Answer (Doc. No. 18) denying

liability, and a complete copy of the Administrative Record (Doc. No. 16). On April 4, 2018, Plaintiff filed a Motion for Judgment Based on the Administrative Record and a supporting memorandum (Doc. No. 20). The Commissioner filed a Response (Doc. No. 21), and the Plaintiff filed a Reply (Doc. No. 21). On June 12, 2018, the Magistrate Judge issued an R&R, recommending that the Court grant Plaintiff's Motion for Judgment and remand the Commissioner's decision (Doc. No. 23).

Now before the Court are the Commissioner's Objections to the R&R (Doc. No. 27) and Plaintiff's Response to the Commissioner's Objections (Doc. No. 28).

## **STANDARD OF REVIEW**

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir.

2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## ANALYSIS

The Commissioner objects to the recommendations that the ALJ did not sufficiently develop the record to support his decision to accord less weight to the letter from Plaintiff's father or sufficiently develop the record regarding his consideration of the nature of cerebral palsy and its treatment options in determining Plaintiff's residual functional capacity ("RFC").

### A. The Letter from Plaintiff's Father

With regard to evaluation of evidence from nonmedical sources, the Code of Federal Regulations states: "Evidence from nonmedical sources is any information or statement(s) from a nonmedical source (including you) about any issue in your claim." 20 C.F.R. § 404.1513(a)(4). Social Security Ruling 06-03p provided further guidance to the ALJ regarding his assessment of evidence from non-medical sources. "In considering evidence from 'non-medical sources' who have not seen the individual in a professional capacity in connection with their impairments, such

as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03p at *6. The Ruling advises that "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id*.

Plaintiff's father and sole employer submitted a letter that was supportive of Plaintiff's claim. The letter discussed Plaintiff's medical history, the nature of his employment at his father's business, and his physical limitations. (TR at 200.)

Ultimately, the ALJ accorded the letter limited weight, stating:

> On June 18, 2015, Malvin Ashmore, the claimant's father, provided a letter that was supportive of claimant's allegations of disability. Mr. Ashmore reported his opinion regarding physical difficulties that the claimant experienced on a daily basis … These [lay opinions and observations] are based upon casual observation, rather than objective medical evidence and testing. The observations of such layperson(s) certainly do not outweigh the opinions of medically acceptable sources. Ultimately, Mr. Ashmore's statements are unpersuasive for the same reasons that the claimant's own allegations do not fully persuade the undersigned. Accordingly, Mr. Ashmore's statements are given limited weight in determining the claimant's residual functional capacity.

Plaintiff argues that the ALJ did not provide sufficient explanation for his reasons giving the letter limited weight in his determination of Plaintiff's residual functional capacity. The Magistrate Judge agreed, noting that the ALJ did not mention, much less discuss, that Plaintiff's father was his only past employer, that he provided Plaintiff with "sympathetic" employment, or that he made significant accommodations for Plaintiff.

5

The Commissioner objects to the R&R on the grounds that: (1) he interpreted the requirements of SSR 06-03p incorrectly; and (2) Social Security Ruling 06-03p has been rescinded and going forward, the ALJ is obligated to follow the regulations at 20 C.F.R. § 404.1527(f).

The Commissioner is correct that SSR 06-03p has been rescinded and in its place are regulations directing the evaluation of opinion evidence for claims filed before March 27, 2017. However, the Commissioner failed to note that the applicable part new regulations contains, verbatim, the language from the Ruling: "The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *See* 20 C.F.R. § 404.1527(f)(2); *compare with* SSR 06-03p.

Regarding the interpretation of SSR 06-03p, the Commissioner is correct that the Ruling describes three types of "other sources" whose opinions may be considered: (1) medical sources that are not acceptable medical sources, (2) non-medical sources who have had contact with the individual in their professional capacity, and (3) "other non-medical source." SSR 06-03p. The Ruling directs how to evaluate these categories of evidence. Non-medical sources who have not had professional contact are evaluated by a different set of factors than the first two categories. Specifically, the Ruling directs the ALJ to consider "the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." *Id*. at *6. However, in all cases, when evaluating any of these "other sources," the Ruling directs the ALJ to "explain the weight of the opinions." *Id*. The fact that the revised regulation reflects this same requirement verbatim, only reinforces the conclusion that the

6

ALJ must provide reasoning supporting his assessment of "other sources" such as the letter from Plaintiff's father.

While the ALJ explained that he accorded "limited" weight to the letter from Plaintiff's father, he did not specifically address the opinions given in the source material nor was his cursory explanation that the statements were "unpersuasive" sufficient to allow this Court to follow his reasoning.

### B. Consideration of the Nature of Cerebral Palsy in Determination of Plaintiff's Residual Functional Capacity

The Plaintiff argues that the ALJ's determination of residual functional capacity ("RFC") is not supported by the evidence and that the ALJ did not consider the nature of cerebral palsy – that it is an injury to the brain and treatment options are limited. The Plaintiff argues that the ALJ focused on Plaintiff's "sparse and conservative" treatment for his cerebral palsy and did not consider the fact that treatment options for cerebral palsy are extremely limited. The Magistrate Judge agreed and recommended remand for further development of the record on this point.

The Commissioner claims that the ALJ is under no obligation to articulate specifically his consideration of the nature of cerebral palsy and its limited treatment options. The Commissioner notes that Plaintiff's "sparse and conservative" treatment of his cerebral palsy was only one of the factors the ALJ used to support his determination of Plaintiff's residual functional capacity. (Doc. No. 27 at 8.)

In determining a claimant's residual functional capacity, the ALJ is obligated to review all of the medical evidence in the record. *See Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)("We may not "focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence.") The ALJ appears to have drawn negative inferences from Plaintiff's limited treatment of his cerebral palsy. The decision remarks several times that

7

Plaintiff's treatment of his condition was sparse and conservative: "his treatment involved infrequent office visits that have been more for general conditions" (AR at 19); "[t]he evidence indicates that treatment has been quite limited." (AR at 18); "the claimant has not required significant treatment for his alleged impairments" (AR at 19). However, the decision shows no consideration of the nature of cerebral palsy, the limited treatment options for cerebral palsy, or the possibility that Plaintiff rarely sought treatment because there were not any treatment options for his condition.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Commissioner's objections, for the reasons stated herein, the Court concludes that the Commissioner's objections are without merit, and the Report and Recommendation should be adopted. Accordingly, Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 20) is **GRANTED** and this case is **REMANDED** for action consistent with this decision.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE